# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAIMLER CHRYSLER INSURANCE COMPANY, as Subrogee of LaMesa RV Center, Inc., )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BARRINGTON MOTOR SALES RV, )<br>)<br>Defendant. ) | Case No. 05 C 6306<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Daimler Chrysler Insurance Company, as Subrogee of La Mesa RV Center, Inc. ("LaMesa"), filed suit against Defendant, Barrington Motor Sales RV ("BMS"), for conduct arising out of the resale of a recreational vehicle. Count I alleges fraud, Count II alleges negligent misrepresentation, Count III alleges breach of implied warranty of title, Count IV alleges unjust enrichment, Count V alleges breach of contract, and Count VI alleges violation of the Illinois Consumer Fraud Act ("ICFA"). Presently pending before the Court is Defendant's Motion to Dismiss. Defendant also seeks to strike Plaintiff's prayer for attorney's fees in Counts I through V and prayer for interest in Count VI.

## BACKGROUND

A reading of the Plaintiff's Complaint supports the following summary of the alleged conduct of the parties.

LaMesa RV and Defendant are new and used recreational vehicle ("RV") dealers. Defendant previously purchased, from a private party, a 2003 Travel Supreme Select RV. LaMesa and

Defendant entered into a discussion regarding the purchase of this RV. Following the discussion, LaMesa purchased the RV for $175,000.

Shortly after the sale, LaMesa learned that the RV had been stolen. Plaintiff alleges that the Defendant sold LaMesa a stolen RV, containing a false VIN number and a false Certification of Title. LaMesa returned the RV to the rightful owner, and the Defendant has refused to reimburse the purchase price. Under its insurance policy, the Plaintiff was obligated to pay LaMesa the $175,000. Plaintiff did so and now, as subrogee of LaMesa, seeks recovery of the payment from the Defendant.

## ANALYSIS

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or the elements of a claim, with the exception found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002) (*Swierkiewicz*); *Walker v. Thompson*, 288 F.3d 761, 764 (7th Cir. 2002). A filing under Federal Rules of Civil Procedure need not contain all the facts that will be necessary to prevail. It should be "short and plain," and it suffices if it notifies the defendants of the principal events. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize the facts,

consistent with the complaint that would make out a claim." *Graehling v. Village of Lombard, Ill.* 58 F.3d 285, 297 (7th Cir. 1995). The simplified notice pleading relies upon liberal discovery and summary of motions to define disputed issues and facts and to dispose of unmeritorious claims. *See Swierkiewicz*, 534 U.S. at 513.

## Counts I and II

Defendant seeks to dismiss Counts I and II as insufficiently pled and/or pursuant to the Morrman Doctrine. First, the Defendant asserts that the Plaintiff has failed to set forth any specific facts supporting the allegation that the Defendant knowingly committed a fraudulent act or made a false statement; therefore, Plaintiff fails to meet the requirements of Federal Rule of Civil Procedure 9(b). In order to meet the requirements of Federal Rule of Civil Procedure 9(b), a plaintiff must allege the who, what, when, where and how. *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 376 (7th Cir. 2003).

The Complaint satisfies Rule 9. Plaintiff alleges that Defendant made false representations about the title and ownership of the RV and that these statements were relied upon to complete the sale of the RV between LaMesa and the Defendant. The who, what, when, where and how are sufficiently pled.

Defendant next argues that Plaintiff's claims are barred by the economic loss doctrine, also known as the Moorman Doctrine. Generally, a plaintiff may not recover in tort for purely economic losses arising from misrepresentations in the sale of goods. *Moorman Mfg. Co. v. National Tank Co.*, 91 Ill. 2d 69 (1982) (*Moorman*). The *Moorman* court recognized two exceptions to the rule,

intentional misrepresentations or when the defendant is in the business of supplying information. *Moorman,* 91 Ill. 2d at 82. Since an element of fraud is to knowingly use a false statement to induce another party, Count I, as pled, meets one of the recognized exceptions.

As to Count II, Defendant argues that in order to satisfy the Moorman Doctrine, the Plaintiff must allege that Defendant was in the business of supplying information. However, Plaintiff need not plead specific facts or theories. Furthermore, "[a] precise case specific inquiry is required to determine whether a particular enterprise is in the business of supplying information." *Rankow v. First Chicago Corp.,* 870 F.2d 356, 361 (7th Cir. 1989). Accordingly, Defendant's motion to dismiss Counts I and II is denied.

### *Counts III and V*

Defendant seeks to dismiss Counts III and V pursuant to Section 5/2-403 of the Illinois Uniform Commercial Code, 810 ILCS 5/2-403(2), arguing that the Plaintiff received a genuine Illinois Certificate of Title, resulting in a good title pursuant to the statute. However, in response to Defendant's motion, Plaintiff alleges the Defendant fails to meet the requirements of the statute because Plaintiff claims that Defendant never had good title to the RV. Resolution of this issue would require the Court to determine a factual dispute. At this stage of litigation, the Court may not make factual determinations; dismissal on these grounds would be premature.

### *Count IV*

Defendant seeks to dismiss Plaintiff's claim for unjust enrichment on the grounds that, in Illinois, a Plaintiff may not allege unjust enrichment where there is an express contract. However, the Plaintiff may plead in the alternative; and it did so. *See* Fed. R. Civ. P. 8(e)(2). Defendant also argues that Count IV should be dismissed because a good title was transferred between the

Defendant and the Plaintiff. As discussed above, this determination is a factual one that cannot be resolved in the instant motion to dismiss.

## Count VI

Defendant argues that the ICFA claim should be dismissed because breach of contract allegations do not give rise to a statutory consumer fraud claim. Illinois courts have consistently resisted attempts by litigants to portray otherwise ordinary breach of contract claims as causes of action under the ICFA. *See Lake County Grading Co. of Libertyville, Inc. v. Advance Mech. Contractors, Inc.*, 275 Ill. App. 3d 452, 459 (1995). Although the ICFA does not generally apply to ordinary contract disputes, Count VI alleges more than lack of performance of the contract between the parties. Accordingly, Defendant's motion is denied.

Defendant also argues that Plaintiff did not sufficiently plead the ICFA "consumer nexus" test. The "consumer nexus" test requires that the plaintiff plead a relationship between the defendant's misconduct and the market. *See Brody v. Finch Univ. of HealthSciences/The Chicago Med. Sch.*, 298 Ill. App. 3d 146, 160 (1998).

In Federal Court, a complaint must plead claims not facts. *See Kolupa v. Roselle*, 438 F.3d 713, 715 (7th Cir. 2006) (*Kolupa*). A sufficient complaint identifies the parties, the nature of the grievance, and a few details, such as the date. The plaintiff need not provide facts and narrate each aspect of the law. *Kolupa*, 438 F.3d. at 715. Here, Plaintiff alleges that the misrepresentation of the valid title was directed to the pre-owned RV market, generally; this meets Federal notice pleading requirements.

*Damages*

Finally, Defendant argues that Plaintiff's claims for attorney's fees and costs for Counts I through V should be stricken. Plaintiff concedes this. Accordingly, Plaintiff's claims for attorney's fees and costs are stricken as to Counts I through V. Defendant also seeks to strike Plaintiff's prayer for interest in Count VI. However, the ICFA does not bar an award of interest. *See* 815 ILCS 505/10a(a) ("The court, in its discretion, may award actual economic damages or any other relief which the court deems proper."). Accordingly, Defendant's motion to strike Plaintiff's prayer for interest in Count VI is denied.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss is denied. Plaintiff's claims for attorney's fees and costs are stricken as to Count I through V.

Dated: April 13, 2006

JOHN W. DARRAH
United States District Court Judge